### Morgan Tully v. The State.

No. 17289. Delivered March 6, 1935.

The opinion states the case.

*Taylor & Irwin,* of Dallas, and *Alvin C. Owsley,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for nine years.

The opinion on a former appeal is found reported in 67 S. W., Second Series, at page 272 (125 Texas Crim. Rep., 239). The testimony adduced on the instant trial was substantially the same as that embraced in the record on the former appeal, except that the statement of facts in the present record shows an

additional statement by the injured party, Eugene Smith, which we quote in part, as follows:

"I had been held up and robbed of some money prior to the time that this shot was fired out there that night. It was on the 18th night of May, 1932, that I was robbed. * * * Three men took part in that robbery. My brother George was with me at the time it happened. Just he and I lived there at that time. All three of those parties come into the house after so long a time and just one come in the house at first. I have identified one of the parties since that time, however, this defendant isn't the one I identified. It was dark in the house when these other men come in and it was dark on the outside, no light only a flash light. And also one of the men wore a mask and of course I couldn't tell nothing about him; he was a tolerably heavy set man. I suppose he was five feet seven or eight inches tall. The make-up of the man fills the bill pretty well, but I couldn't identify that (referring to appellant) as being the man at all. Yes, sir, I couldn't identify that as being the man at all, although his make-up fills the bill pretty good. When these three men left my place that night they robbed me they said something to me about the time they left. They marched us out in the road and to this mail box and walked right backwards and held guns on us until they got forty or fifty yards away and said 'If you ever have an attempt made to get us or our bunch caught we will kill you.' That is the last words they spoke. Between the time I was robbed and the time the shot was fired I have identified a man as being one of those who participated in the robbery, and he had been arrested and charged with the robbery. I got in the house a little before my brother did that evening and I was back in the kitchen part of the house and I heard a racket outside, something like that (indicating) on the house, and I just let it pass on and didn't go to investigate it. In a little bit my brother come in and this man was standing there on the porch and he talked there with him a little bit and he come on in the house and said 'There is a man out there inquiring for someone. Go out there and talk to him,' and so I went out there and this man was inquiring for a man by the name of Wilson and I said no, that I do not know anybody by that name around there. And we talked on a little bit and he said 'I am a man out of Oklahoma City' and he said 'I was directed here for a lot of whisky,' and I said, 'I guess you are in the wrong place again. We never fool with whisky,' and then he talked on a little bit. I do not know what he said and finally he said 'We are revenue men,' and he

throwed a gun on us. That was one of the men that robbed me. He throwed a six-shooter on me. There is a little orchard right north of the house and the other men were hid out there and they run to the house. * * * I stated a while ago that I identified one of the parties that held me up. He was the one I talked to out on the porch. The other man was masked and I did not get a good look so I can't identify him."

Apparently the above-quoted testimony was introduced for the purpose of showing motive and malice. If it had been shown that appellant was one of the parties who participated in the robbery of the injured party on the night of May 18, 1932, the State's case would be stronger. However, the witness failed to identify appellant. as one of the parties who had theretofore robbed him. He was only able to say that one of the men corresponded in size with appellant. Appellant testified that he had never been to the injured party's house before October 13, 1932, the date he was alleged to have committed the assault with intent to murder. Under the circumstances we think the additional testimony of no cogency, and that the case, on its facts, is in the same attitude as it was on the former appeal. We deem it unnecessary to again set out the testimony, but refer to the former opinion, in which, after setting out the testimony, Judge Lattimore, speaking for the court, used language as follows:

"The court submitted the case properly upon the law of circumstantial evidence, and in such case, as said by the court. in its charge, it is not enough that the circumstances in evidence coincide with and render probable the guilt of the accused, but they must exclude beyond a reasonable doubt every other reasonable hypothesis. We have searched for evidence so excluding every other reasonable hypothesis except that this appellant either alone or acting with Taylor fired a shot through the window in the darkness with malice, and fail to find it."

In view of the fact that we have reached the conclusion that the evidence is insufficient, we deem it unnecessary to decide whether appellant's objection to the reception of the additional testimony should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals. and approved by the Court.